UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>HERBERT JOHNSON,<br><br>　　　　　　　　　　　Defendant(s). | Case No. 2:14-CR-304 JCM (VCF)<br><br>ORDER |

Presently before the court is petitioner Herbert Johnson's motion to vacate, amend, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 51). The government responded, (ECF No. 53), to which petitioner replied, (ECF No. 54).

**I.　Background**

In August 2013, petitioner committed a string of robberies in Las Vegas. (ECF No. 1). On April 21, 2015, petitioner pled guilty to six counts of aiding and abetting Hobbs Act robbery and one count of brandishing a firearm during and in relation to "a crime of violence," in violation of 18 U.S.C. § 924(c). (ECF Nos. 30, 31). On August 11, 2015, this court sentenced petitioner to concurrent 87-month sentences on counts one through six and a consecutive 84-month sentence on count seven. (ECF No. 41). Petitioner did not appeal.

In light of the intervening change in law of *United States v. Davis*, 139 S. Ct. 2319 (2019) ("*Davis*"), petitioner seeks the vacatur of his § 924(c) conviction. *See* 28 U.S.C. § 2255(a).

**II.　Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

**James C. Mahan**
**U.S. District Judge**

Limitations on § 2255 motions exist because the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). Furthermore, a petitioner's claims are procedurally barred if they could have been raised on direct appeal are not. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). However, procedural default is excused if the defendant can show cause *and* prejudice, or actual innocence. *Id.*

### III.  Discussion

On June 24, 2019, the Supreme Court issued *United States v. Davis*, 139 S. Ct. 2319 (2019), holding that § 924(c)'s "residual clause" is unconstitutionally vague in violation of due process. In relevant part, section 924(c) defines "crimes of violence" to mean "an offense that is a felony" and:

> (A) [the "elements clause:"] has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) [the "residual clause:"] that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c). Only § 924(c)(3)(B) was ruled unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. On June 17, 2020, petitioner timely moved for relief from his 84-month sentence on count seven. (ECF No. 51).

As an initial matter, this court addresses petitioner's citation of *United States v. Fields*, where this court granted a 2255 motion related to *Davis*. No. 216CR363JCMGWF, ECF No. 42, 2020 WL 4352734, at *1 (D. Nev. July 29, 2020). This court made clear in that order, and the subsequent order denying reconsideration, that this court's finding was based on the government's failure to respond. *See id.*; *United States v. Fields*, No. 216CR363JCMGWF, ECF No. 47 (D. Nev. August 10, 2020) ("[T]his court makes clear that its decision was wholly for the government's lack of response."). There, the government failed to respond to petitioner. *See* LCR 47-3 ("The failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion.").

**James C. Mahan**
**U.S. District Judge**

- 2 -

Here, this court denies petitioner's motion for relief for failure to overcome procedural bar. This court rejects petitioner's notion that his claims are jurisdictional—thus, evading the requirement of procedural default. (ECF No. 54). To establish subject-matter jurisdiction, the indictment must sufficiently allege an "offense[] against the laws of the United States." 18 U.S.C. § 3231; *see United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).

However, this circuit has held that "defects in an indictment do not deprive a court of its power to adjudicate a case." *Ratigan*, 351 F.3d at 962–63 (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). The law on this question is clear. "A district court 'has jurisdiction of all crimes cognizable under the authority of the United States . . . [and][t]he objection that the indictment does not charge a crime against the United States goes only to the merits of the case." *Cotton*, 535 U.S. at 630–31 (2002) (quoting *Lamar v. United States,* 240 U.S. 60, 65 (1916)). Indeed, the indictment here refers to the applicable statute and thus adequately informs defendant of the charged offense. *See United States v. Ruelas*, 106 F.3d 1416, 1419 (9th Cir. 1997). This court finds no defect in subject-matter jurisdiction.

Thus, petitioner's motion must demonstrate "cause and prejudice, or actual innocence" in order to overcome petitioner's failure to raise the claim on direct appeal. *Massaro*, 538 U.S. at 504. "Actual innocence" does not apply here. (ECF Nos. 51, 54).

Petitioner successfully demonstrates "cause" not to raise the issue of *Davis* on direct appeal. (ECF No. 51). "[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." *Reed v. Ross*, 468 U.S. 1, 16 (1984). This court finds that petitioner had fair reason not to invoke the principles in *Davis* before the decision's existence.

However, petitioner was not prejudiced. The Ninth Circuit recently reaffirmed that a "Hobbs Act armed robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A)." *United States v. Dominguez*, No. 14-10268, 2020 WL 1684084, at *2 (9th Cir. Apr. 7, 2020); *see also United States v. Humphrey*, No. 2:18-CR-00191-APG, 2020 WL 1853609, at *1–3 (D. Nev. Apr. 13, 2020). Petitioner responds to this ruling by noting that he was charged with "aiding and abetting," not the principal offense. (ECF No. 54). However, petitioner actually admitted in his plea agreement that "he committed the Hobbs Act robbery offense underlying his § 924(c) conviction as a principal." (ECF No. 31 (declaring under penalty of perjury that petitioner

James C. Mahan
U.S. District Judge

"put a black semi-automatic handgun on the bar, tapped it, pointed it out to the bartender, and demanded money from the cash register")). In light of this admission and the Ninth Circuit's clear statement of law, petitioner has failed to demonstrate prejudice.

In light of the foregoing, petitioner has failed to overcome procedural default. Accordingly, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

### IV. Certificate of appealability

The court declines to issue a certificate of appealability. Under 28 U.S.C. § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. *See id.* Accordingly, the court declines to issue a certificate of appealability.

### V. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 51) be, and the same hereby is, DENIED.

The clerk is directed to enter separate civil judgment denying petitioner's § 2255 motion in the matter of *Johnson v. United States*, case number 2:20-cv-01102-JCM.

DATED September 25, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -